UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SILVIA QUINTANILLA, on behalf of herself and
all other persons similarly situated,

                              Plaintiff,                                    **COMPLAINT**

    -against-

KABCO PHARMACEUTICALS, INC., SAIFUL KIBRIA,
ABU KABIR and ROZINA KABIR,

                              Defendants.
-------------------------------------------------------------------------X

        Plaintiff, SILVIA QUINTANILLA ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants KABCO PHARMACEUTICALS, INC., SAIFUL KIBRIA, ABU KABIR and ROZINA KABIR (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

        1.     Plaintiff brings this action against Defendants to remedy violations of the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. (the "ADA"), the New York State Human Rights Law, N.Y. Exec. Law §290, et. seq. (the "Executive Law") and the New York Labor Law. Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

        2.     Plaintiff also brings this action against Defendants on behalf of herself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover damages for violations of the New York Labor Law Article 6, §191 et seq., and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business in Suffolk County.

5. Plaintiff will timely file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination in employment on the basis of disability and will seek to amend this Complaint upon receipt of the Notice of Right to Sue.

## PARTIES

6. At all times relevant to the complaint, Plaintiff was an employee with a "serious health condition" within the meaning of the FMLA, a qualified individual with a disability within the meaning of the ADA, a "person" within the meaning of the NYSHRL and a "manual worker" within the meaning of the NYLL.

7. At all times relevant, the Defendant, KABCO PHARMACEUTICALS, INC. ("KABCO"), is a domestic business corporation.

8. At all times relevant, the Defendant, KABCO, was and still is an "employer" within the meaning of the FMLA, ADA, NYSHRL and NYLL.

9. At all relevant times, Defendant, SAIFUL KIBRIA, is and was a shareholder and/or officer of Defendant KABCO.

10. The Defendant, SAIFUL KIBRIA, has authority to make payroll and personnel decisions for KABCO.

11. The Defendant, SAIFUL KIBRIA, is active in the day to day management of KABCO, including the payment of wages to the Plaintiff and Class Members and determining what wages were paid to Plaintiff and Class Members.

12. As a result of his position as an owner and/or officer of KABCO, Defendant SAIFUL KIBRIA is liable to Plaintiff and Class Members as an "employer" for the unpaid wages Plaintiff and Class Members seek to recover.

13. At all relevant times, Defendant, ABU KABIR, is and was a shareholder and/or officer of Defendant KABCO.

14. The Defendant, ABU KABIR, has authority to make payroll and personnel decisions for KABCO.

15. The Defendant, ABU KABIR, is active in the day to day management of KABCO, including the payment of wages to the Plaintiff and Class Members and determining what wages were paid to Plaintiff and Class Members.

16. As a result of his position as an owner and/or officer of KABCO, Defendant ABU KABIR is liable to Plaintiff and Class Members as an "employer" for the unpaid wages Plaintiff and Class Members seek to recover.

17. At all relevant times, Defendant, ROZINA KABIR, is and was a shareholder and/or officer of Defendant KABCO.

18. The Defendant, ROZINA KABIR, has authority to make payroll and personnel decisions for KABCO.

19. The Defendant, ROZINA KABIR, is active in the day to day management of KABCO, including the payment of wages to the Plaintiff and Class Members and determining what wages were paid to Plaintiff and Class Members.

20. As a result of his position as an owner and/or officer of KABCO, Defendant ROZINA KABIR is liable to Plaintiff and Class Members as an "employer" for the unpaid wages Plaintiff and Class Members seek to recover.

## FACTUAL ALLEGATIONS

21. Defendant, KABCO, is engaged in the manufacture and packaging of vitamins and dietary supplements.

22. Plaintiff commenced employment with KABCO as an hourly-paid machine operator in or about 1995.

23. On or about August 25, 2019, Plaintiff underwent an emergency appendectomy at St. Francis Hospital in Roslyn, New York to treat appendicitis, a serious health condition that made Plaintiff unable to work at all.

24. Defendants were aware of Plaintiff's serious health condition and her need for unpaid, job-protected leave.

25. Following a brief convalescence, Plaintiff sought to return to work with clearance from her physician October 21, 2019. Plaintiff was able to perform all of the essential functions of her job.

26. Defendants, however, refused to restore Plaintiff to her position after her medical leave of absence and, instead, terminated Plaintiff's employment on October 25, 2019.

27. Defendants terminated Plaintiff because she was disabled and/or perceived to be disabled.

28. Defendants discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of her temporary disability and/or perceived disability.

29. Due to Defendants' discrimination, Plaintiff has suffered the loss of her job and the opportunity to work, the loss of her wages and the loss of benefits that she would be receiving but for Defendants' discriminatory conduct.

30. Due to Defendants' discrimination, Plaintiff has suffered also suffered substantial emotional harm and distress at a time in which she felt especially vulnerable and anxious about her financial security due to her recent serious health condition.

31. Defendants were required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

32. Defendants failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

33. Defendants failed to provide Plaintiff and similarly situated employees upon hire written notice of their rate of pay and other information required by Section 195 of the New York State Labor Law.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

34. Plaintiff brings New York Labor Law claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as manual workers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

35. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

36. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as manual workers at any time during the six (6) years prior to the filing of this Complaint.

37. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendants failed and/or refused to pay Plaintiff and Class Members on a weekly basis in violation of Labor Law section 191; and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

38. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

39. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

40. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

41. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

42. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

43. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class

actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FAMILY MEDICAL LEAVE ACT

44. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

45. Plaintiff's serious health condition rendered made her unable to work and necessitated a medical leave of absence.

46. Defendants failed to restore Plaintiff to an equivalent position upon the cessation of her medical leave in violation the FMLA and instead terminated Plaintiff's employment in in conscious disregard of Plaintiff's rights.

47. As a result of Defendants' actions, Plaintiff has suffered loss of income and benefits, termination of employment and loss of opportunity for advancement and promotion.

## SECOND CLAIM FOR RELIEF
## AMERICANS WITH DISABILITIES ACT

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendant discriminated against Plaintiff because she was disabled and/or perceived to be disabled.

50. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

51. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

52. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## THIRD CLAIM FOR RELIEF
## NEW YORK EXECUTIVE LAW

53. Plaintiff alleges and incorporates by reference the preceding allegations as if fully set forth herein.

54. By the acts and practices described above, Defendants discriminated against Plaintiff in the terms and conditions of her employment because she was disabled and/or perceived to be disabled.

55. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

56. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## LABOR LAW FREQUENCY OF PAYMENT

57. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

59. Defendants were required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

60. Defendants failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

61. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages.

## FIFTH CLAIM FOR RELIEF
## LABOR LAW WAGE NOTICE

62. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants failed to provide Plaintiff and Class Members with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law Section 195(1) of the Labor Law.

64. Due to Defendants' failure to provide Plaintiff and Class Members with the notice required by Section 195(1) of the Labor Law, Plaintiff and Class Members are entitled to statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Back pay and the value of employment related benefits;

(ii.) Compensatory damages for mental anguish and emotional distress;

(iii.) Punitive damages;

(iv.) Liquidated damages and pre- and post-Judgment interest;

(v.) Damages pursuant to §198;

(vi.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(vii.) Certification of a Class Action pursuant to F.R.C.P. 23;

  (viii.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

  (ix) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
   December 1, 2019

           LAW OFFICE OF PETER A. ROMERO PLLC

      By: */s/ Peter A. Romero*
         _____
         Peter A. Romero, Esq.
         825 Veterans Highway-Ste. B
         Hauppauge, New York 11788
         Tel. (631) 257-5588
         promero@romerolawny.com

         *Attorneys for Plaintiff*