**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

Matthew Cohen, Esq.
mcohen@kdvlaw.com

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

May 22, 2020

**VIA ECF**
Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Silvia Quintanilla v. Kabco Pharmaceuticals, Inc., et.al.*
      <u>Case No. 19-cv-6752 (PKC)(CLP)</u>

Dear Judge Chen:

This office represents Defendants Kabco Pharmaceuticals, Inc. ("Kabco"), Saiful Kibria, and Rozina Kabir (collectively, the "Defendants") in the above referenced matter. We submit this reply in further support of Defendants' motion to dismiss seeking an order: (i) dismissing the Fourth Claim For Relief in Plaintiff's Amended Complaint (the New York Labor Law ("NYLL") Frequency of Payment claim) in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6); (ii) dismissing each of Plaintiff's class action allegations with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6); and (iii) granting all such other and further relief as this Court deems just and proper. For the reasons set forth herein, and for the reasons set forth in Defendants' underlying letter motion, Defendants' motion to dismiss should be granted in its entirety.

I.   <u>Plaintiff Fails To State A Valid NYLL § 191 Frequency Of Payment Claim</u>

In her opposition, Plaintiff is requesting that Your Honor completely disregard and overturn this Court's prior ruling in *Coley v. Vanguard Urban Improvement Ass'n*, 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. 2018). In *Coley*, Your Honor confirmed that that NYLL "seems to be 'geared to afford relief for unpaid wages, and not for late-paid wages'" and further agreed when analyzing a Fair Labor Standards Act prompt payment claim (which is not even alleged here) that "two weeks is an appropriate standard to use in assessing whether Defendants delayed payments to Plaintiffs." *Id.* at 42-43 (citation omitted). Here, Plaintiff admits in her Amended Complaint that payments were made on a bi-weekly basis and Plaintiff does not have any claim for unpaid wages. Thus, in applying Your Honor's same rationale established in *Coley* to the case at bar, Plaintiff has failed to state a proper NYLL § 191 frequency of payment claim.

Plaintiff also misrepresents the reason why liquidated damages were not awarded under the NYLL in *Coley*, claiming that such damages were not awarded because liquidated damages for late payments were already awarded under the FLSA. Such a statement is false. Liquidated damages were not awarded in *Coley* because Your Honor held that there was no private right of recovery for such a claim. In making this decision in *Coley*, Your Honor quoted *Hussain v. Pak. Int'l Airlines Corp.*, 2012 U.S. Dist. LEXIS 152254 (E.D.N.Y. 2012), which confirmed that "[t]he NYLL contains <u>no</u> provision for private recovery for violations of its provisions regarding

frequency of payment." (emphasis added). *See Coley* at 42. Moreover, because Your Honor did not award any liquidated damages under the FLSA in *Coley* for payments made within two weeks, there was no such alternative liquidated damage payment blocking the awarding of liquidated damages if Your Honor felt that such a claim existed. Simply put, no liquidated damages were awarded under the NYLL for an alleged frequency of payment violation because Your Honor held that no private right of action existed for such a claim. Accordingly, following Your Honor's holding in *Coley*, no private right of action exists for Plaintiff's NYLL claim. As such, this claim must be dismissed in its entirety.

Plaintiff's primary argument is misguided as it is based upon the holding in *Vega v. CM and Associates Construction Management LLC*, 107 N.Y.S.3d 286 (1st Dept. September 10, 2019), a New York State First Department case. While a federal court applying state law is "generally obliged to follow the state law decisions of state intermediate appellate courts…**[i]n absence of any** contrary New York authority or other 'persuasive data [establishing] that the highest court of the state would decide otherwise,'" here there is clear contrary New York authority stemming from Courts located within the Second Department; the very department in which Kabco is located. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199-200 (2nd Cir. 2005) (emphasis added and citation omitted). Essentially, Plaintiff's reliance upon *Vega* would be justified if contrary caselaw such as that established in *Hunter, Phillips* and *Kruty* did not exist. *See Hunter v. Planned Bldg. Servs., Inc.*, 2018 N.Y. Misc. LEXIS 2896, 4 (N.Y. Sup. Ct. Queens Cty. 2018) (holding that no private right of action existed for a frequency of pay violation unless there was nonpayment of wages); *See also Phillips v. Max Finkelstein, Inc.*, 115 N.Y.S.3d 866, 869 (N.Y. Sup. Ct. Suffolk Cty. December 12, 2019) and *Kruty v. Max Finkelstein, Inc.*, 2019 N.Y. Misc. LEXIS 6623, 8 (N.Y. Sup. Ct. Suffolk Cty. December 12, 2019) (each agreeing with the Court in *Hunter* that "no private right [of] action existed for a frequency of pay violation unless there was nonpayment of wages."). Significantly, two of these cases, *Phillips* and *Kruty*, were decided **after** *Vega*. Accordingly, a decision consistent with both Your Honor's prior holding, paired with even more recent case law, should result in the dismissal of Plaintiff's NYLL § 191 claim.

Plaintiff's reliance on *Scott v. Whole Foods Market*, 2019 U.S. Dist. LEXIS 61726 (E.D.N.Y. April 9, 2019) and *Rojas v. Hi-Tech Metals, Inc.*, 2019 N.Y. Misc. LEXIS 5046 (N.Y. Sup. Ct. New York Cty. September 9, 2019) are similarly misplaced as they were each decided **prior** to *Phillips* and *Kruty*. In sum, by relying upon these decisions, Plaintiff is apparently asking this Court to disregard its own precedent, as well as more recent case law on this subject.

Unhappy with the fact that the *Phillips* and *Kruty* decisions held that there was no private right of action under NYLL §191(1)(a) for a plaintiff, who like here, failed to allege any unpaid wages, Plaintiff takes issue with their reliance on *IKEA U.S., Inc. v. Industrial Board of Appeals*, 241 A.D.3d 454 (2nd Dept. 1997). According to the Court in *Kruty* and *Phillips*, the Commissioner of Labor "did not find that the failure to timely pay wages in the IKEA case was an underpayment and therefore did not require payment of any amounts to the employees." *See Kruty* at 7 and *Phillips* at 869. Thus, because the Second Department in *Ikea U.S.* held that the Commissioner of Labor's "determination is supported by substantial evidence in the record," the Court in *Kruty* and *Phillips* was correct to rely on *Ikea U.S. See Ikea U.S.* at 455.

II. <u>Plaintiff's Class Action Claims Require Individual Proof And Are Therefore Not Suitable For Class Action Treatment As A Matter Of Law</u>

Conspicuous in its absence is any opposition to Defendants' argument that the putative class, as defined in Plaintiff's Amended Complaint, would require individualized mini-hearings to determine membership because such putative class members are defined by their job duties, and not their job title or position. *See* Doc. No. 16, ¶ 35. Because it is undisputed that defining a putative class by job duties would require individualized mini-hearings, Plaintiff's class claims should be dismissed in their entirety.

Plaintiff's sole argument against the dismissal of class claims is in relation to the definition of "manual worker." Plaintiff's Amended Complaint contained three NYLL causes of action on the behalf of a putative class, only one of which has anything to do with the "manual worker" definition. As cited in our initial moving papers, and as confirmed by Plaintiff in his opposition, an individual must spend more than twenty-five percent (25%) of his or her time performing "physical labor" to fit within the definition of "manual labor." As a result, while Plaintiff's frequency of pay claim should be dismissed in its entirety, assuming *arguendo* that it is not, the determination of liability on a class-wide basis for such a claim would invariably necessitate mini-trials to analyze the actual work performed by each putative class member. Such mini-trials to determine liability defeat the ability for a class to be ascertainable. *See Gregory v. Stewart's Shops Corp.*, 2016 U.S. Dist. LEXIS 89576, 64 (N.D.N.Y. 2016) (a subclass is not ascertainable when it would "require a mini-hearing on the merits of each case.") (citation omitted).

Lastly, it must be noted that Plaintiff's opposition to Defendants' motion to dismiss disregarded the explicit page limit set by Your Honor's Order dated March 27, 2020. Specifically, Plaintiff's opposition letter is six (6) pages, rather than the permitted maximum of five (5) pages. As such, Defendants respectfully request that the entire 6th page of Plaintiff's opposition be disregarded by the Court. *See Tamm v. Cincinnati Ins. Co.*, 2019 U.S. Dist. LEXIS 230246, 6 (S.D.N.Y. 2019) (stating that "[p]laintiffs are reminded that there is a 25-page limit for principal memoranda of law…The Court will **disregard any unauthorized excess pages**") (emphasis added and citation omitted). Should the sixth page nonetheless be considered, Plaintiff's argument therein, that dismissal of Plaintiff's class allegation claims without discovery is premature, is illogical. As argued in the underlying motion, the dismissal of Plaintiff's class claims is premised in part on its very definition. In sum, there is no amount of discovery that would nullify the need for the mini-trials discussed above. As such, Plaintiff's class claims should be dismissed in their entirety.

Conclusion

Based on the foregoing, it is respectfully requested that the Court grant Plaintiff's motion to dismiss in its entirety.

Respectfully submitted,
Kaufman Dolowich & Voluck, LLP

Matthew Cohen

cc: All counsel of record via ECF